UNITED STATES v. The MISSOURI. See Case No. 9,052.

## Case No. 15,786.

UNITED STATES v. MISSOURI, K. & T. RY. CO.

[1 McCrary, 624;[1] 1 Cent. Law J. 428.]

Circuit Court, D. Kansas. June, 1874.[2]

LAND GRANT TO AID RAILWAYS—INDIAN RESERVATION—TREATY WITH OSAGE INDIANS.

For reasons similar to those in the case of U. S. v. Leavenworth, L. & G. R. Co. [Case No. 15,582], the lands reserved for the benefit of the Osage Indians did not pass, under the land grant of congress, to the state, to aid in the building of railways, approved July 26, 1866 [14 Stat. 289].

The facts in the case appear in the case of the same plaintiff against the Leavenworth, Lawrence & Galveston Railroad Company.

George R. Peck, Dist. Atty., Wilson, Shannon, and McComas & McKeighan, for the United States.

T. C. Sears, for defendant.

Before MILLER, Circuit Justice, and DILLON, Circuit Judge.

MILLER, Circuit Justice. This case differs from that of the same plaintiff against the Leavenworth, Lawrence & Galveston Railroad Company, in this: that the act of congress which is the foundation of defendant's claim to the lands in controversy, was passed July 26, 1866. The significance of this difference in the dates of the grants is found in the assertion of defendants that the lands in question had then been ceded, by the treaty which we have discussed in that case, to the United States. It is hence argued that, as the United States had then the title to these lands, unincumbered by the Indian right of occupancy, there is no reason to suppose they were not included in the general granting clause, or that they were reserved within the meaning of the excepting clause.

It will be perceived, by looking at the date of the act of congress, and the dates of the respective stages of the treaty, that the treaty had passed the senate, but with material amendments, June 26, 1866, one month before the approval of this bill by the president. But it had then to be submitted to the Indians for their action on these amendments. Their approval was given September 21, 1866, two months after the passage of the act of congress, and the treaty only became valid and operative by the proclamation of the president of January 21, 1867. [14 Stat. 693.] There was, therefore, no valid subsisting treaty by which the Indian title to these lands was extinguished when the act of July 26, 1866, became a law. But if the treaty had been fully ratified at the date of the passage of the act under which defendants claim, that treaty was, itself, as much a reservation of these lands, within the

---

[1] [Reported by Hon. Geo. W. McCrary, Circuit Judge, and here reprinted by permission.]

[2] [Affirmed in 92 U. S. 760.]

meaning of the excepting proviso, as the treaty of 1825 was in the case we have before considered. It directed a sale of all these lands. It disposed of all the proceeds of the sale, and, by a necessary implication in appropriating them to other purposes, they were reserved for those purposes. The amendment to the treaty which we have considered, as it regards. the other case, can have no application to the act of July 26, 1866, because by its express terms it is limited to existing laws. The amendment had been acted on, and passed from the control of the senate, a month before this bill became a law. It was not an existing law when the amendment was proposed and adopted, and the amendment, therefore, had no reference to it.

The argument that the bill and the treaty must both be considered as pending at the same time, and therefore construed with reference to each other, is not, in my judgment, entitled to much weight. If it had been the intention of the senate, in making the treaty, to have consented or contracted that the bill which was then pending. and which might, or might not, become a law, granting lands to the state of Kansas, should include these lands, they would certainly have used language that looked to that purpose. Their language has reference only to grants already made to existing laws. So, if congress had intended to grant these lands. knowing that a treaty for their cession was then under consideration in the senate, which, by its provisions, appropriated the lands and proceeds of their sale to other purposes, they surely would have used some language to specifically include these lan... or at least to take them out of the excepting clause.

A decree similar to that in the other case must be entered. Decree accordingly.

[On appeal to the supreme court. the above decree was affirmed. 92 U. S. 760.]